UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN PRITCHETT,<br><br>　　　　　　　　Plaintiff,<br>v.<br>JAMES A. ORONOZ, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:15-cv-01805-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on a review of Plaintiff Shawn Pritchett's Complaint (ECF No. 1-1) pursuant to 28 U.S.C. §§ 1915 and 1915A. This review is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. Mr. Pritchett is a pro se prisoner in the custody of the Nevada Department of Corrections, and he has received permission to proceed *in forma pauperis* in this civil rights action. *See* Order (ECF No. 2).

**I.  SCREENING THE COMPLAINT**

Federal district courts are required to screen *in forma pauperis* complaints prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (the "PLRA")); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez*

1  *v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal
2  of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be
3  cured).  If the complaint states a valid claim for relief, the court will direct the Clerk of the Court
4  to issue summons to the defendants and instruct the United States Marshal Service to serve the
5  summons and complaint.  *See* Fed. R. Civ. P. 4(c)(3).

6  **A.   Mr. Pritchett's Factual Allegations and Claims for Relief**

7  The Complaint (ECF No. 1-1) names the following Defendants: James A. Oronoz, Oronoz
8  & Ericson, LLC, and Oronoz Law Offices.  Mr. Oronoz was Pritchett's counsel in a state criminal
9  matter and Pritchett's claims arise from that criminal case.  Pritchett alleges that Oronoz conspired
10 with the Henderson Police Department, detectives, and the crime lab to fabricate historical cell site
11 data and maps to maliciously prosecute Pritchett.  Pursuant to 42 U.S.C. § 1983, Pritchett asserts
12 that his Fifth, Eighth, and Fourteenth Amendment rights were violated.  The Complaint also
13 indicates that he has sued Defendant Oronoz in Nevada state court in Case No. C242224-1.  Mr.
14 Pritchett seeks $10,623,000 in damages.

15 **B.   Legal Standard**

16 Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to
17 state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks
18 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In
19 determining whether a complaint is frivolous and therefore warrants complete or partial dismissal,
20 a court is not bound to accept without question truth of plaintiff's allegations.  *Denton v.*
21 *Hernandez*, 504 U.S. 25, 32 (1992).  Allegations are frivolous when they are "clearly baseless,"
22 *id.*, or lack an arguable "basis in law or fact."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir.
23 2005).  Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims
24 against defendants who are immune from suit or claims of infringement of a legal interest that
25 clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or
26 delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v.*
27 *Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Malicious claims are those "filed with the intention or
28 desire to harm another."  *King*, 398 F.3d at 1121; *Washington v. Los Angeles Cnty. Sheriff's Dep't*,

833 F.3d 1048, 1055 (9th Cir. 2016). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *Washington*, 833 F.3d at 1055. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

For the reasons discussed below, the court finds that the Complaint fails to state a claim upon which relief can be granted. The court, therefore, recommends that the Complaint be dismissed with prejudice.

/ / /

**C.     Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

The Sixth Amendment to the United States Constitution provides an accused in a criminal prosecution with certain rights, including the assistance of counsel in his defense. U.S. Const. Amend. VI. The Supreme Court has recognized that public defenders are not acting under color of law when they act in their traditional role as advocate. *See, e.g.*, *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981) (a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of *Bivens* action). A criminal defense attorney does not act under the color of law when representing criminal defendants because he is not acting on behalf of the government; rather, he is the government's adversary. *Cf. Polk Cnty.*, 454 U.S. at 323 n.13.

Here, Mr. Pritchett attempts to assert § 1983 claims against Mr. Oronoz and his law firm entities. However, he fails to state a colorable claim for relief because Mr. Oronoz and the law firm entities are not state actors. Numerous Supreme Court and Ninth Circuit cases hold that Oronoz was not acting under the color of law when he provided Pritchett legal counsel because he

was acting as Pritchett's court-appointed defense counsel in a traditional role as advocate. Therefore, he cannot state a colorable § 1983 claim against Oronoz or his law firm. Mr. Pritchett would ordinarily be given leave to amend a deficient complaint upon an initial screening; however, it is clear from the face of his Complaint that this deficiency cannot be cured by amendment. Thus, the court recommends dismissal with prejudice.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff Shawn Pritchett's Complaint (ECF No. 1-1) be DISSMISSED WITH PREJUDICE.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 9th day of November, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely

objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.