1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SHAWN PRITCHETT,

           Plaintiff,

   v.

JAMES A. ORONOZ, et al.,

           Defendants.

Case No. 2:15-cv-01805-APG-PAL

**ORDER ACCEPTING AND MODIFYING REPORT AND RECOMMENDATION**

(ECF No. 14)

10  On November 9, 2016, Magistrate Judge Leen entered a report and recommendation

11 recommending that I dismiss plaintiff Shawn Pritchett's complaint with prejudice because

12 Pritchett was asserting claims under 42 U.S.C. § 1983 against his former defense attorney, who is

13 not a state actor. ECF No. 14.  Magistrate Judge Leen granted an extension of time for Pritchett to

14 file objections through December 26, 2016. ECF No. 17.  Pritchett objects, arguing that his

15 defense attorney conspired with government actors to secure his conviction. ECF No. 18.

16  I conducted a de novo review. 28 U.S.C. § 636(b)(1).  Judge Leen correctly states that

17 defendant Oronoz and his law firm are not state actors when acting as court-appointed defense

18 counsel. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 466 (9th Cir. 2003) (citing *Polk Cnty. v.*

19 *Dodson*, 454 U.S. 312 (1981)).  However, there are circumstances when a private actor's conduct

20 may be fairly attributable to the government, such as when "state officials and private parties

21 have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin v.*

22 *Fox*, 312 F.3d 423, 445 (9th Cir. 2002).  "A plaintiff may demonstrate joint action by proving the

23 existence of a conspiracy or by showing that the private party was a willful participant in joint

24 action with the State or its agents." *Id.* (quotation omitted).

25  Pritchett has alleged defendant James Oronoz and his law firm conspired with government

26 agents, but the complaint's allegations are too conclusory to state a plausible conspiracy. ECF No.

27 1-1.  I therefore accept Judge Leen's recommendation that I dismiss the complaint.

28

Ordinarily, I would grant leave for Pritchett to amend to add sufficient factual allegations in support of his conspiracy theory.  But doing so in this case would run into another bar to his federal claims.  Under the rule announced in *Heck v. Humphrey*, if a judgment in the plaintiff's favor in a § 1983 case "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994).

Pritchett's allegations that his counsel and government agents conspired to fabricate cell phone data and maps necessarily challenge the evidence upon which his criminal conviction was based. ECF No. 1-1.  In his objection, Pritchett argues that "the fabricated cell site track was the majority of the case" because "there wasn't any other evidence to tie petitioner to any crime." ECF No. 18.  Pritchett does not indicate that his criminal conviction has been invalidated.  According to Pritchett's complaint, his appeal from his conviction is still pending. ECF No. 1-1 at 7.  His objection does not indicate that any appeal or post-conviction relief has been resolved in his favor. ECF No. 18.  Accordingly, I dismiss Pritchett's § 1983 claims without prejudice to Pritchett refiling his claims should his criminal conviction later be invalidated.

I also deny without prejudice any state law claims Pritchett seeks to assert.  But without a viable § 1983 claim, Pritchett does not allege a basis for this court to exercise subject matter jurisdiction over any state law claims.  From the face of the complaint, it appears diversity jurisdiction is lacking because both Pritchett and Oronoz are Nevada citizens.

IT IS THEREFORE ORDERED that Judge Leen's report and recommendation **(ECF No. 14) is accepted and modified**.  The complaint (ECF No. 1-1) is dismissed without prejudice. The clerk of court is directed to close this case.

DATED this 1st day of February, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE